**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>NORTH CENTRAL ILLINOIS LABORERS'<br>  HEALTH AND WELFARE FUND,<br>NORTHERN ILLINOIS LABORERS' ANNUITY FUND,<br>ILLINOIS LABORERS AND CONTRACTORS JOINT<br>  APPRENTICESHIP & TRAINING TRUST FUND,<br>MIDWEST REGION FOUNDATION FOR FAIR<br>  CONTRACTING,<br>CONSTRUCTION INDUSTRY ADVANCEMENT FUND,<br>NORTH CENTRAL LABORERS-EMPLOYERS<br>  COOPERATION AND EDUCATION TRUST,<br>GREAT PLAINS LABORERS' VACATION FUND,<br>MIDWEST REGION ORGANIZATION COMMITTEE,<br>MARKET PROMOTION FUND,<br>and the GREAT PLAINS LABORERS' DISTRICT<br>  COUNCIL WORKING DUES CHECK OFF FUND, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff(s), | ) | |
| v. | )<br>) | Case No. **26-Cv-7805** |
| WEAVER CONSTRUCTION INC.,<br>an Illinois corporation, and<br>TODD WEAVER, individually, | )<br>)<br>)<br>)<br>) | |
| Defendant(s). | )<br>) | |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, North Central Illinois Laborers' Health and

Welfare Fund, Northern Illinois Laborers' Annuity Fund, Illinois Laborers and Contractors Joint

Apprenticeship & Training Trust Fund, Midwest Region Foundation for Fair Contracting,

Construction Industry Advancement Fund, North Central Laborers-Employers Cooperation and

Education Trust, Great Plains Laborers' Vacation Fund, Midwest Region Organization

Committee, Market Promotion Fund, and the Great Plains Laborers' District Council Working

Dues Check Off Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants WEAVER CONSTRUCTION INC. and TODD WEAVER as follows:

<u>**COUNT I**</u>
against
WEAVER CONSTRUCTION INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions and related amounts*)

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.      Plaintiffs ("Plaintiff Funds") are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.      Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.      Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5.      WEAVER CONSTRUCTION INC. is an Illinois corporation doing business in (and with its principal place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). WEAVER CONSTRUCTION INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.      WEAVER CONSTRUCTION INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*.  WEAVER CONSTRUCTION INC. has never terminated the collective bargaining agreements and they remain in effect.

7.      By virtue of certain provisions contained in the collective bargaining agreement(s), WEAVER CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8.      WEAVER CONSTRUCTION INC.  became a party to and bound by one or more participation agreements with the Plaintiff Funds.  Copies of such participation agreements are attached as *Exhibit B*.  No party has terminated the participation agreements, and they remain in effect.

9.       By virtue of certain provisions contained in the participation agreement(s), WEAVER CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10.      WEAVER CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and

3

submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.     WEAVER CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     WEAVER CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.     Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, WEAVER CONSTRUCTION INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, WEAVER CONSTRUCTION INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     Based on employer reports, WEAVER CONSTRUCTION INC. failed and refused to timely pay all contributions and work dues for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

Late Contributions (9/2025 / Local 32): $4,960.96
Late Contributions (9/2025 / Local 32): $4,994.48

4

Late Contributions (10/2025 / Local 32): $3,519.60
Late Contributions (11/2025 / Local 32): $1,977.68
Late Contributions (11/2025 / Local 32): $5,111.80
Late Contributions (11/2025 / Local 32): $1,994.44

15. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions that remain unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16. Because contributions were not paid when due, WEAVER CONSTRUCTION INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

Late Penalty (9/2025 / Local 32): $496.10
Late Penalty (9/2025 / Local 32): $499.45
Late Penalty (10/2025 / Local 32): $351.96
Late Penalty (11/2025 / Local 32): $197.77
Late Penalty (11/2025 / Local 32): $511.18
Late Penalty (11/2025 / Local 32): $199.44

**Total** **$2,255.90**

17. The total amount owed by WEAVER CONSTRUCTION INC. pursuant to the collective bargaining agreements, participation agreements, and trust agreements is not less than $2,255.90 in late payment penalties.

18. WEAVER CONSTRUCTION INC. has failed and refused to pay the amount of $2,255.90 known to be due to Plaintiff Funds.

19. Plaintiff Funds have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from WEAVER CONSTRUCTION INC.

20.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for attorney's fees and costs.

21.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against WEAVER CONSTRUCTION INC. in favor of Plaintiffs.

B.     Order WEAVER CONSTRUCTION INC. to pay Plaintiffs not less than $2,255.90.

C.     Order WEAVER CONSTRUCTION INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiffs.

D.     Order WEAVER CONSTRUCTION INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.     Grant Plaintiffs such other and further relief as may be just.


**COUNT  II**
Against TODD WEAVER
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. - 21. Plaintiff Funds reallege paragraphs 1 - 21 of Count I as paragraphs 1 - 21 of this Count II.

22.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

6

<u>Breach of Contract / Trust Agreements</u>

23.     Plaintiff Funds are advised and believe that TODD WEAVER is the president of WEAVER CONSTRUCTION INC. and is in control of the corporation.  Further, Plaintiff Funds are advised and believe that TODD WEAVER is a director of WEAVER CONSTRUCTION INC.

24.     Pursuant to the collective bargaining agreements to which WEAVER CONSTRUCTION INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

25.     Pursuant to the trust agreements establishing the Plaintiff Funds, to which WEAVER CONSTRUCTION INC. and TODD WEAVER agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

26.     Plaintiff Funds are informed and believe that TODD WEAVER did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making TODD WEAVER personally liable for the money owed to the Plaintiff Funds by WEAVER CONSTRUCTION INC.

<u>Piercing the Corporate Veil</u>

27.     There is a unity of interest and ownership between WEAVER CONSTRUCTION INC. and TODD WEAVER such that the separate personalities of the corporation and the

individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making TODD WEAVER personally liable for the money owed to the Plaintiff Funds by WEAVER CONSTRUCTION INC.

<u>Alter Ego and/or Single Employer</u>

28.     Upon information and belief, and at all times material to this complaint, WEAVER CONSTRUCTION INC. and TODD WEAVER have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

29.     Based on their nature and activities as alleged the preceding two paragraphs, WEAVER CONSTRUCTION INC. and TODD WEAVER constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer.  TODD WEAVER is therefore bound by the terms of the collective bargaining agreements, participation agreements, and trust agreements, making him personally liable for the money owed to the Plaintiff Funds by WEAVER CONSTRUCTION INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against TODD WEAVER in favor of Plaintiffs.

B.     Order TODD WEAVER to pay Plaintiffs $2,255.90, plus any additional amount shown to be due.

C.     Order TODD WEAVER to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D.     Order TODD WEAVER to pay punitive damages.

8

E.    Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By:   /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
*Attorney for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

9

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2006, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _____ day of __4 - 14__, 20__05__.

ACCEPTED:

LABORERS' LOCAL UNION NO. ___32___

BY: _____
      (Business Manager)
      Field Rep

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

BY: _____
      (Business Manager)

__Weaver Construction__
(Contractor Name)

BY: __Tom Weaver   VP__
      (Name & Title)

__1853 Dovetail Ln__
(Address)

__Sycamore IL  60178__
(City, State & Zip Code)

__815- 895- 0009__
(Telephone Number)

__815 - 899 - 9065__
(Facsimile Number)

_____
(Federal Employer Identification Number)

-3-


RECEIVED APR 2005

EXHIBIT
A

DATED AT ROCKFORD, ILLINOIS, THIS __14th__ DAY OF __April__ , 2005.

For Northern Illinois Building Contractors' Association, Inc.

By _____    Date _____

For Great Plains Laborers' District Council

By _____    Date _____

For Laborers' Locals #32 & 727

Local #32 _____    Date _____

Local #727 _____    Date __4/13/04__

**For The Contractors:**

Contractor's Name __Weaver Construction__

Address __1853 Dovetail Ln__

City __Sycamore__    State __IL__    Zip __60178__

Telephone No. __815-895-0009__

Fax No. _____

Signature _____    Title __Vice President__

Date __4/14/04__

-13-



RECEIVED APR 2005

04/15/2005 08:51 FAX 815 678 5992 ... 001/003

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Weaver Construction_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | |
|---|---|---|
| 5.33 | per hour to Central Laborers' Pension Fund | |
| 5.00 | per hour to **NCIL Health &** Welfare Fund | |
| 2.17 | per hour to **No. Ill.** Annuity Fund | |
| .50 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | |
| .10 per/hr | MRFFC | |

| | |
|---|---|
| .28 | per hour to Industry Advancement Fund |
| 3.25% | Working Dues (% of gross wages) |
| .12 per/hr | ECET |
| 1.05 per/hr | Vacation |
| .08 per/hr Other | **Organizational Fund** |
| .03 per/hr Other | **Market Promotion** |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Weaver Construction_ | |
| Name of Business | Authorized Signature |
| _1853 Dovetail Pt._ | **Executive Director** |
| Address | Title |
| _Sycamore, IL 60178_ | UNION |
| City/State/Zip Code | |
| _895-0009_ _(815) 739-5206_ | Territory in which Agreement signed: Local __32__ |
| Telephone | |
| _/s/_ | Authorized Signature |
| Authorized Signature | Field Rep. |
| _vice president_ | Title |
| Title | _4/13/05_ |
| _4/13/05_ | Date |
| Date | |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

**EXHIBIT B**